SCHWARTZ & NAGLE, INC., PLAINTIFF-RESPONDENT, v. LANGER TRANSPORT CORP., DEFENDANT-APPELLANT.

Submitted May 4, 1943—Decided October 4, 1943.

Before Justices CASE, DONGES and PORTER.

For the appellant, *Nathan Baker.*

For the respondent, *Louis L. Feinseth.*

PER CURIAM.

Plaintiff recovered judgment against defendant-appellant on a book account. Appellant counter-claimed on two counts. The first count alleged that in the transaction defendant returned six tires to plaintiff for adjustment; that plaintiff retained the six tires but gave defendant credit for only three tires and that, therefore, defendant is entitled to a further credit for the value of the three tires. The second count sounded in trover and conversion. At the conclusion of the plaintiff's case, on motion, the trial judge struck the counter-claim.

The only question raised by appellant on this appeal is the striking of the counter-claim. We are of the opinion that the second count was properly struck. It sounded in tort and was not cognizable in a suit on contract. *Schwartz & Nagle, Inc.,* v. *Central Brewing Co., Inc.,* 125 *N. J. L.* 565.

The same case holds that a set-off for goods returned by defendant to plaintiff, for which no credit was allowed, was the proper subject of set-off. So here, the proofs are that

there was a single transaction involved; that part credit only was given for the goods involved. It is not controverted that six tires were delivered by defendant to plaintiff and that credit was allowed on only three such tires.

It appears from the record before us that defendant was entitled to have this question tried out in this proceeding and that it was error to strike the first count of the counterclaim, which is to be regarded as set-off.

The judgment under review is reversed, and 'a *venire de novo* awarded; costs to abide the event.